UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>    Plaintiff,<br><br>    v.<br><br>J. AGUERERRALDE, et al.,<br><br>    Defendants. | Case No.: 1:12-cv-01622-LJO-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND FOR FAILURE TO COMPLY WITH RULES 18 AND 20 OF FEDERAL RULES OF CIVIL PROCEDURE AND FAILURE TO STATE COGNIZABLE CLAIMS |

Plaintiff Brady K. Armstrong is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## PLAINTIFF'S COMPLAINT

The events at issue in the complaint took place while Plaintiff was housed at Pleasant Valley State Prison in Coalinga, California.

Plaintiff names J. Agurerralde, B. Davi, J. Meyst, Sergeant Moreno, S. Sedwick, I. Ybarra, and James A. Yates, as Defendants in this action.

On December 17, 2009, Defendant J. Agurerralde intentionally stole, seized, and/or withheld Plaintiff's personal property in retaliation for filing an inmate grievance relating to his coworkers correctional officers Sedwrick and Sparks. Defendant Agurerralde "physically" challenged Plaintiff to combat in retaliation for filing a complaint, and falsified a rules violation report.

On December 17, 2009, Plaintiff was unlawfully placed in the Administrative Segregation Unit (ASU) in retaliation for reporting employee misconduct, resulting in a violation Plaintiff's first amendment rights.

On January 22, 2010, Plaintiff submitted an inmate grievance concerning his missing property, but he never received a response.

1    On or about April/May 2010, Plaintiff was rehoused in a different building where he received a
2 response indicating his inmate appeal could not be processed and he was to contact the employee
3 involved.  Plaintiff attempted to address the grievance with Defendant Agurerralde but he did not
4 receive a response.
5    On December 17, 2009, at approximately 5:30 p.m., Plaintiff was handcuffed and escorted by
6 wheelchair to the program officer and placed in the ASU.  Plaintiff explained to Lieutenant Ybarra
7 that his personal belongings were missing.  Lieutenant Ybarra asked for a receipt and Plaintiff stated it
8 was with his property.  Ybarra told Plaintiff he was going to the ASU, and Defendant Agurerralde
9 stated Plaintiff's name was not on any of the property.
10    Plaintiff personally witnessed and/or heard Defendant Sergeant B. Davi "verbally" inform
11 Defendant Agurerralde that Plaintiff had his receipt and that his personal property was taken.
12    On December 1, 2010, Defendant Sergeant Moreno ordered all the Facility "C" gym inmates to
13 exit the area and leave their lockers open.  Plaintiff complied with the order and when he returned
14 Plaintiff noticed that all of personal belongings were missing, including a new "CD," coffee, prayer
15 oils, fish, beans, rice, etc. The total estimated cost of Plaintiff's property was $97.00.  Plaintiff
16 contends the property was taken in retaliation for filing an inmate grievance against Defendants
17 Meyst, Agurerralde, Sedwick, and Sparks.
18    On June 10, 2011, Defendant S. Sedwick retaliated against Plaintiff by forcefully taking his
19 wheelchair.
20    On June 16, 2011, Defendant S. Sedwick intentionally retaliated against Plaintiff by seizing his
21 medically required "urinal bottle," and a result, Plaintiff urinated on himself.  Defendant S. Sedwick
22 intentionally refused to respond to Plaintiff's grievance regarding the incident.  Defendant Sedwick's
23 actions were done in retaliation for filing a prior grievance against her regarding refusing to process
24 outgoing mail.  Defendant Sedwick requested Sergeant Moreno to ask Plaintiff to drop the grievance
25 against her because her husband was a Lieutenant at the prison.
26 ///
27 ///
28 ///

# III.

# DISCUSSION

### A. Rule 18 and 20 of Federal Rules of Civil Procedure

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (unrelated claims against different defendants belong in separate suits and complaints violating that principle should be rejected). Federal Rule of Civil Procedure 20(a)(2) allows a plaintiff to join multiple defendants to a lawsuit where the right to relief arises out of the same "transaction, occurrence, or series of transactions" and "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

In this instance, Plaintiff's complaint contains three separate incidents of retaliation that occurred over a period of more than one year, involving different defendants. Although the incidents involve allegations regarding retaliatory action taken against Plaintiff for exercising his First Amendment right to file inmate grievances, the incidents described do not involve common questions of fact or law. The incidents occurred in different months and involved different defendants. The facts necessary to prove each claim of retaliation are unique and different. Plaintiff is not permitted to raise all his claims in a single action under Federal Rule of Civil Procedure 20(a)(2), simply because he alleges that all acts were in retaliation for filing inmate grievances against the named defendants.

### B. First Amendment Retaliation and Linkage

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d

559, 567-68 (9th Cir. 2005); accord Watison v. Carter, 668 F.3d 1108, 1114-15 (9th Cir. 2012); Silva, 658 at 1104; Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

### 1. Defendant Agurerralde

Plaintiff's allegation that on December 17, 2009, Defendant Agurerralde confiscated his personal property and issued a false rules report in retaliation for having filed an inmate grievance against other correctional others is sufficient to state a cognizable claim for retaliation. However, this claim is subject to dismissal under Rules 18 and 20, which precludes Plaintiff from bringing unrelated claims against unrelated parties in a single action.

### 2. Defendant Sedwick

Plaintiff alleges that on June 10, 2011, Defendant S. Sedwick intentionally seized and confiscated his wheelchair in retaliation, and, on June 16, 2011, Defendant S. Sedwick intentionally seized Plaintiff's medically required "urinal bottle" causing Plaintiff to urinate on himself, in retaliation for filing an inmate grievance against Sedwick for interfering with his outgoing mail. Based on these allegations, Plaintiff states a cognizable claim against Defendant Sedwick. However, like the prior claim, this claim is also subject to dismissal under Rules 18 and 20.

### 3. Defendant Sergeant Moreno

Plaintiff alleges that on December 1, 2010, Defendant Sergeant Moreno ordered all inmates to exit the Facility "C" gym area and leave the lockers unlocked and open. Plaintiff complied with the order and when he returned all of his personal property had been taken from his locker.

The mere allegation that Defendant Moreno ordered all inmates to exit the gym and leave their lockers open, is not sufficient to state a cognizable constitutional violation. Plaintiff fails to identify any factual allegations linking Defendant Moreno to a constitutional violation to support a finding that he personally participated in or knew of a constitutional violation and failed to act to prevent it.

### 4. Defendant Davi

As to Defendant Davi, Plaintiff alleges only that he directed Plaintiff to speak with Defendant Agerralde to settle the inmate grievance he filed against him. This is insufficient to state a cognizable constitutional violation. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must

establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

    5.  Defendants Yates, Ybarra, Meyst

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against Defendants Yates, Ybarra, and Meyst. The only basis for such a claim would be respondeat superior, which is precluded under section 1983.

**IV.**

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties

and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted). To state a cognizable claim, Plaintiff must plead facts demonstrating how his claims are related or he must file a separate complaint for each unrelated claim against different defendants. If Plaintiff files an amended complaint that does not comply with Rules 18(a) and 20(a)(2), all unrelated claims and defendants will be subject to dismissal.

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed April 30, 2012, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **November 14, 2013**

UNITED STATES MAGISTRATE JUDGE