UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. AGUERERRALDE, et al.,<br><br>　　　　Defendants. | Case No.: 1:12-cv-01622-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER<br><br>[ECF No. 12] |

　　　　Plaintiff Brady K. Armonstrong is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　Now pending before the Court is Plaintiff's motion requesting a preliminary injunction and temporary restraining order.

　　　　Plaintiff contends that he has been continuously subject to reprisal such as "food poisoning, battery, assault, interf[erence] with medical examination and/or procedure previously medically prescribed" by prison officials at California Substance Abuse Treatment Facility at Corcoran State Prison.

**I.**

**DISCUSSION**

　　　　"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22, 129 S.Ct. 365, 376 (2008) (citation omitted).  "A

plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. "[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

In an order issued concurrently herewith, the Court has dismissed Plaintiff's complaint with leave to amend. As a consequence, there is no actual case or controversy before the Court at this time. Therefore, the Court lacks the jurisdiction to issue the orders sought by Plaintiff. Summers v. Earth Island Inst., 555 U.S. 488, 493,129 S.Ct. 1142, 1149 (2009); Stormans, Inc. v. Selecky, 586 F.3d 1109, 1119 (9th Cir. 2009). Furthermore, the allegations in Plaintiff's complaint occurred while he was housed at Pleasant Valley State Prison in Coalinga, California, and Plaintiff seeks injunctive relief for actions against prison officials which occurred at California Substance Abuse Treatment Facility at Corcoran State Prison. Thus, Plaintiff's motion does not show serious questions going to merits of this action because it relates to entirety different events. Plaintiff lacks standing to seek relief directed at remedying his current conditions of confinement at Corcoran State Prison. Zenith Radio Corp v.

Hazeltine Research, Inc., 395 U.S. 100 (1969).

## II.
## RECOMMENDATION

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's motion for a preliminary injunction be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **November 14, 2013**

UNITED STATES MAGISTRATE JUDGE