UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRADY K. ARMSTRONG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. AGUERERRALDE, et al.,<br><br>　　　　　Defendants. | Case No.: 1:12-cv-01622-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF AND MOTION FOR RECONSIDERATION<br><br>[ECF Nos. 35, 37] |

　　　　Plaintiff Brady K. Armonstrong is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On May 7, 2014, Plaintiff filed a motion requesting a court order for the return of all his personal and legal property after his release from prison on April 18, 2014.

　　　　On June 16, 2014, Plaintiff filed a motion entitled, in part, motion for reconsideration of his Americans with Disabilities condition.

　　　　This action is proceeding against Defendant J. Aguererralde only for retaliation in violation of the First Amendment.   On April 8, 2014, the Court forwarded Plaintiff the necessary service of

1

process documents for completion and return to the Court. Despite having received an extension of time, Plaintiff has not submitted the service of process documents.[1]

## I.

## DISCUSSION

A.   **May 7, 2014 Motion**

In his May 7, 2014, motion Plaintiff contends that prison officials have withheld his legal and personal property after he paroled from the prison on April 18, 2014. Plaintiff seeks a court order directing the return of his property.

"[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Article III of the Constitution by alleging an actual case or controversy." City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983) (citations omitted). "Abstract injury is not enough." Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). This requires Plaintiff to show that he is under threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury. Summers, 555 U.S. at 493 (quotation marks and citation omitted); Mayfield, 599 F.3d at 969.

Additionally, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A).

///

---

[1] The Court will address Plaintiff's failure to complete and return the service of process document by separate order issued concurrently herewith.

In this case, the Court's jurisdiction extends only over the parties to this action – Plaintiff and Correctional Officer J. Agurerralde – and Plaintiff's legal claim at issue. The Court lacks jurisdiction to issue orders remedying the present alleged interference withholding of Plaintiff's legal property and in no event may Plaintiff use this pending action as a springboard to obtain orders (1) directed at anyone other than Defendant Agurerralde or (2) remedying any issue broader than Plaintiff's cognizable legal claim(s).[2]

### B. June 16, 2014

In his June 16, 2014, motion, although Plaintiff references reconsideration of his "ADA" conditions, the Court cannot determine which and/or what determination Plaintiff is seeking reconsideration.

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to identify the motion or order in issue and when it is made show "what new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Local Rule 230(j). Because Plaintiff has not identify and the Court cannot determine what order or motion Plaintiff is seeking reconsideration, his present motion is inadequate.

---

[2] In addition, Plaintiff's allegations that his legal property has been improperly withheld does not state a cognizable claim. "An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); Knudson v. City of Ellensburg, 832 F.2d 1142, 149 (9th Cir. 1987). Plaintiff's allegations are reference facts that the taking and/or withholding of his property was unauthorized.

1   Notwithstanding the title, in the body of the motion, Plaintiff argues about prison officials
2   withholding his personal and legal property after his release on parole on April 18, 2014, and requests
3   a court order for prison officials to return such property.  As previously stated, In this case, the Court's
4   will have jurisdiction only over the parties to this action – Plaintiff and Correctional Officer J.
5   Agurerralde – and Plaintiff's legal claim at issue.  The Court lacks jurisdiction to issue orders
6   remedying the present alleged interference withholding of Plaintiff's legal property and in no event
7   may Plaintiff use this pending action as a springboard to obtain orders (1) directed at anyone other
8   than Defendant Aguererralde or (2) remedying any issue broader than Plaintiff's cognizable legal
9   claim(s).³

## II.

## RECOMMENDATION

Accordingly, the Court lacks jurisdiction to issue the order sought by Plaintiff and it HEREBY RECOMMENDS that his motions for preliminary injunctive relief, filed on May 7, 2014, and June 16, 2014, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

///
///
///

---

³ In addition, Plaintiff's allegations that his legal property has been improperly withheld does not state a cognizable claim. "An unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); Knudson v. City of Ellensburg, 832 F.2d 1142, 149 (9th Cir. 1987). Plaintiff's allegations are reference facts that the taking and/or withholding of his property was unauthorized.

4

specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 27, 2014**

UNITED STATES MAGISTRATE JUDGE